JOHN S. VERDI, Claimant and Appellant, v. AMERICAN SMELTING & REFINING COMPANY, Defendant and Respondent.

No. 11661.
Decided Nov. 21, 1969.
461 P.2d 845.

Burgess, Joyce, Prothero & Whelan, Frank C. Burgess and Thomas F. Joyce, argued, Butte, for appellant.

Hughes & Bennett, Helena, George Bennett, argued, Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

Claimant appeals from an order of the district court of the first judicial district affirming an order awarding compensation made by the Industrial Accident Board.

The claimant, John S. Verdi, was injured on November 13, 1964 during the course of his employment as a boilermaker at American Smelting & Refining Company at East Helena. A boilerplate fell on his left hand crushing and fracturing three fingers. The injury ultimately resulted in an Industrial Accident Board (hereinafter referred to as IAB) finding that a 90% permanent impairment had occurred to each of the three fingers, plus a 26% impairment to the left arm, resulting in a total award of 73 weeks of compensation commencing on December 14, 1965. While it is this award that is appealed, the appeal is not directed to the hand and arm injury but to another condition alleged to have arisen from the injury.

In view of the nature of this appeal, we believe certain procedural matters should be noted before the fact situation is discussed. This injury occurred on November 13, 1964. Counsel for the claimant first appeared to represent the claimant on March 16, 1965, some three months after the injury. An IAB hearing occurred on December 14, 1965, a year and a month after the injury. The IAB award was made on March 28, 1966 and was appealed to the district court of the first judicial district where it was heard by Judge Victor H. Fall on July 12, 1966. The district court affirmed the award of the IAB on July 14, 1966 and appeal thereof was not heard to this Court until October 22, 1969. The claimant drew compensation for two and one-half years, commencing December 14, 1965 or until July 1968. Why the appeal was not prosecuted before this Court by claimant for an earlier consideration, in view of the fact that under Rule 39 of the Montana Rules of Appellate Civil Procedure workmen's compensation appeals are given priority, remains unanswered. .

At the time of his injury claimant was alone and it was necessary for him to go several blocks to the first aid room during which time he suffered considerable bleeding and intense pain. While receiving first aid he fainted and was taken by ambulance to St. Peter's Hospital. At the hospital he was attended by his family physician of some 20 years, Dr. Lindstrom, who sutured his wounds, splinted his hand, gave him demerol to relieve the pain, and put him to bed. At the time of this first treatment both Dr. Lindstrom and the nurse on duty took claimant's blood pressure and pulse count. About an hour later Dr. Lindstrom was called back to the bedside due to the claimant's experiencing severe chest pains and a drastic drop in heart beat. Claimant was given oxygen, anticoagulants and an electrocardiogram (EKG) was taken. Claimant responded to treatment and was released from the hospital on November 23.

However, while recuperating from the hand injury at home, he continued to experience chest pains, tachycardia (increased heart beat) and fainting spells upon attempting slight physical exertion. Due to these chest pains and shortness of breath, claimant was hospitalized for approximately 2 weeks in February 1965. At that time, at the request of Dr. Lindstrom, the claimant was examined by Dr. William Harper, an internist, who studied all of the EKG's and made a report to Dr. Lindstrom.

In May 1965, the claimant was sent by Dr. Lindstrom to Dr. John Layne, a Great Falls internist, who made a complete examination and reported to Dr. Lindstrom. In addition Dr. Jack Harper examined the claimant's hand injury and reported thereon. Finally on November 3, 1965, approximately one year after the accident, he was examined by Dr. John McMahon of Helena who had before him at the time of his examination of claimant all of the reports of the above listed medical specialists.

At the hearing before the IAB, Doctors Lindstrom, Mc-

Mahon, and Jack Harper testified. The reports of Doctors Layne and William Harper were introduced in evidence. At the time of the hearing before Judge Fall, the deposition of Dr. William Harper, taken January 13, 1966, was available to the court and considered by the court in arriving at its decision.

Beginning with the "cardiac insufficiency" condition in the hospital, there is no question but that the claimant has had chest pains and tachycardia and when he attempts to do slight exertion he suffers from fainting spells and shortness of breath. However, all the medical opinion, upon which both the IAB and the trial court relied, is that he has suffered no cardiac damage as a result of the accident.

The claimant's position at all times has been that he is suffering from disabling "cardiac damage" and from a "cardiac neurosis."

On appeal several issues have been raised, however, in our view, there is but one issue determinative of this appeal—Is there substantial credible evidence to support the findings of the IAB that were affirmed by the district court?

In 1961 the legislature amended the Workmen's Compensation Act, section 92-418, R.C.M.1947, to read as follows:

*"Injury or injured defined.* 'Injury' or 'injured' means a tangible happening of a traumatic nature from an unexpected cause, resulting in either external or internal physical harm, and such physical condition as a result therefrom and excluding disease not traceable to injury."

The major thrust of claimant's appeal is that under the above statute error was made in denying compensation for a traumatic neurosis resulting from the injury. Considering the record before us, we find the claimant failed to carry the burden of proving his alleged disability.

The entire medical record before us supports this finding. Dr. Lindstrom testified he found a "cardiac insufficiency" was causing claimant's chest pains; that this is a transient condi-

tion; that one year after the finger and hand injury a master EKG showed no cardiac insufficiency; that this condition had caused no permanent damage to claimant's heart; and, that the claimant's blood pressure and pulse rate had been quite stable for a considerable length of time.

Dr. McMahon found claimant's blood presure normal; that at the time of examination claimant made no complaint of chest pains after exercising; that he found no "coronary insufficiency" and claimant had a normal pulse rate after exercise. He further testified anxiety could cause the chest pains and that claimant might have a diaphragmatic hernia not caused by the trauma, also, in his opinion, with progressive exercise and a program of rehabilitation claimant could be self-supporting in some "six months". As to a "neurosis", it was Dr. McMahon's opinion, ruling out a hernia, that it was a question of physical conditioning.

Dr. John Layne reported claimant's condition was caused by anxiety and apprehension. Dr. William Harper questioned any cardiac neurosis and agreed with the other medical examiners that the pains were from "anxiety" and that symptoms such as claimant suffered should respond to medical advice and the passage of time.

The order of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES HASWELL, CASTLES and the HONORABLE L. C. GULBRANDSON, District Judge, sitting for MR. JUSTICE BONNER, concur.